

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DIANE WILLIAMS and EARL WILLIAMS | CIV 16-4018 |
| Plaintiffs, | |
| vs. | MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTIONS TO SUBMIT PUNITIVE DAMAGES CLAIMS TO THE JURY, DOCS. 42 & 45 |
| TRISTAR PRODUCTS, INC. and QVC, INC. | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are Plaintiffs' Motions to Submit Punitive Damages Claims to the Jury, Docs. 42 & 45. In their complaint, Plaintiffs allege a myriad of claims stemming from Defendants' design, manufacture, distribution, and sale of a mat intended to be used on the floor of a shower or bath tub—an "AquaRug." Plaintiffs now contend Defendants' conduct showed reckless disregard for Plaintiffs' rights and justifies an award of punitive damages.

Shortly after the motions to submit punitive damages claims were filed, the parties began to discuss a settlement of the case and agreed that the punitive damages issue did not need to be resolved immediately. After finding "little likelihood of settlement," Plaintiffs filed a letter with the court requesting a due date for Defendants' responses to Plaintiffs' motions, a due date for Plaintiffs' replies to Defendants' responses, and a hearing date "as required by South Dakota law."

> S.D.C.L. § 21-1-4.1 provides:
>
> In any claim alleging punitive or exemplary damages, before any discovery relating thereto may be commenced and before any such claim may be submitted to the finder of fact, the court shall find, after a hearing and based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct on the part of the party claimed against.

This rule serves two purposes: 1) preventing discovery on punitive or exemplary damages claims and 2) preventing submission to the finder of fact without holding a hearing on the punitive or

1

exemplary damages claim. *See Brandiet v. Norwest Bank, South Dakota, N.A.*, 499 N.W.2d 613, 619 (S.D. 1993) (Justice Wuest, concurring). The statute's application in federal court was addressed in *Issendorf v. Capitol Indem. Corp.*, CIV 93-1011, 1994 U.S. Dist. LEXIS 21947 (D.S.D. 1994):

> Whether to apply state law in a diversity action arises under two contexts. The first is if the state provision directly conflicts with the plain meaning of a Federal Rule of Civil Procedure. The court, in that instance, examines whether the Federal Rule is authorized by the Rules Enabling Act, 28 U.S.C. § 2072, and whether it violates constitutional principles. In the second instances, where there is no Federal Rule in direct conflict, the court applies an *Erie* analysis.

*Issendorf*, 1994 U.S. Dist. LEXIS at *7–8. The court found that the limiting nature of S.D.C.L. § 21-1-4.1 as it related to discovery conflicted with Fed. R. Civ. P. 26 and that Rule 26 was constitutional and within the scope of the rules Enabling Act. *Id.* at * 13. Therefore, Rule 26 applies in Federal Court where S.D.C.L. § 21-1-4.1 conflicts in limiting discovery. *Id.*

However, the second provision of S.D.C.L. § 21-1-4.1, which requires a hearing be held before submission of the punitive or exemplary damages claim to the finder of fact, does not conflict with any Federal Rule. *See id.* After application of the *Erie* analysis, the court in *Issendorf* found that the rule provided a tactical advantage that was "substantial enough to influence choice of forum and thus does warrant the application of state law." *Id.* at *16–17. Therefore, the provision of S.D.C.L. § 21-1-4.1 that provides for a hearing before a punitive damages claim be submitted to the finder of fact does apply in Federal Court where subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1332 based on diversity of the parties and an amount in controversy exceeding $75,000.

There is no requirement, however, that the required hearing take place before the trial. *See Boomsma v. Dakota, Minnesota & Eastern R.R. Corp.*, 651 N.W.2d 238, 246 (S.D. 2002). Instead, it may be held at the close of the evidence. *Id.* It is this Court's practice to allow the parties to present relevant evidence throughout opening statements and Plaintiffs' case-in-chief, excluding any evidence relating to the worth of Defendants. At the close of all other evidence, the Court will hold a hearing regarding whether Plaintiffs have shown, "upon clear and convincing evidence, that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct on the part of the party claimed against." *See* S.D.C.L. § 21-1-4.1. If the Court finds at that time that Plaintiffs have met their burden, the Court will then allow Plaintiffs to submit evidence to the finder of fact regarding the worth of Defendants.

A separate Order will be entered by the Court providing a due date for Defendants' responses to Plaintiffs' motions, as well as a due date for Plaintiffs' replies to those responses.

Dated this 10th day of October, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk of Courts

BY: _____
Deputy